FINAL REPORT[1]


*Adoption of new Pa.R.Crim.P. 791*
*Amendments to Pa.Rs.Crim.P. 490 and 790*

CONTENTS OF EXPUNGEMENT PETITIONS AND ORDERS; PROCEDURE FOR LIMITED ACCESS ORDERS

---

On November 9, 2016, effective November 14, 2016, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted new Rule 791 (Procedure for Obtaining Order for Limited Access in Court Cases; Order for Limited Access) to provide procedures for the petition and order for limited access as provided in Act 5 of 2016, and amended Rules 490 (Procedure for Obtaining Expungement in Summary Cases; Expungement Order) and 790 (Procedure For Obtaining Expungement In Court Cases; Expungement Order) to: (1) permit the Commonwealth to waive the requirement that a petitioner's Pennsylvania State Police criminal history record be attached to the petition; (2) eliminate the 30-day stay on the expungement order during which time the Commonwealth may appeal in a case in which the Commonwealth has consented to the expungement; and (3) add a cross-reference to the *Comments* of both rules to the webpage where the AOPC forms for expungement petitions and orders are found.

**Expungement Rules 490 and 790**

Beginning in early 2015, the Committee had considered suggested amendments to the procedures contained in the expungement rules, Rules 490 and 790. Some of these suggestions related to complaints that it was taking lengthy amounts of time for

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

the Pennsylvania State Police (PSP) to provide criminal history reports required for the expungement petition. It was suggested that this requirement be eliminated or modified so that the PSP criminal history could be replaced with an alternative such as the AOPC web docket sheets. The Committee concluded that the PSP report represents the best available criminal history record information and that alternatives were either incomplete or inapt for purposes of determining criminal history. Therefore, the Committee concluded that this requirement should be retained in the expungement rules.

However, the Committee determined that there are jurisdictions in which very large numbers of expungement petitions are being filed and, as a result, protocols have been developed between petitioners and district attorney's offices to speed the process of expungement in a large majority of cases. In these jurisdictions, the district attorney's office will agree to waive the requirement for a PSP report because those offices have the means of alternative confirmation of a petitioner's criminal history. The Committee agreed that practices such as these ensure speedy resolution of meritorious petitions and should not be impeded. Therefore, Rules 490 and 790 have been amended to provide that the requirement for the attachment of the PSP report may be waived by the attorney for the Commonwealth. The *Comment* has been revised to state that the waiver may be made orally, in writing, or averred in the petition in order to permit flexibility in this waiver practice.

During the discussion of this point, it was reported that some judges refuse to order the PSP report as part of the petition even in those cases where the attorney for the Commonwealth has not waived the requirement. To clarify that the general rules requires a PSP report, language has been added to paragraph (A)(3) of Rules 490 and 790 stating, "Absent a waiver by the Attorney for the Commonwealth, the court shall not rule upon the petition until the Pennsylvania State Police criminal history report is filed."

Another suggestion received by the Committee was to eliminate, in those cases in which the Commonwealth has filed a consent to the expungement, the 30-day stay on the expungement order provided in Rules 490(B)(4)(b) and 790(B)(4)(b) during which time the Commonwealth may appeal. The consent provisions in Rules 490(B)(1)

-2-

and 790(B(1) recognize that the Commonwealth may join in the desire to expedite an expungement. The Committee concluded that it is logical that the stay provision be curtailed where the Commonwealth has consented and a provision has been added to both rules precluding the stay in cases in which the Commonwealth has consented to the expungement.

Another suggestion the Committee considered was to require a single standard form for expungement petitions and orders to enable courts and agencies more uniformly process these requests. Rules 490 and 790 require specific contents for the petitions and orders but do not mandate a specific form. The Committee ultimately rejected the idea of requiring one particular form. There was a concern that a petition could be rejected solely on the basis of not being the approved form while still containing the other information necessary for an expungement. The Committee noted that the AOPC already had developed form petitions and orders for expungements under Rules 490 and 790 that are publically available on the UJS website. The *Comments* to Rules 490 and 790 already mention the AOPC forms. The Committee concluded that adding a cross-reference to the webpage where the AOPC forms for expungement petitions and orders are found would be helpful to encourage use of the standard forms. This direct cross-reference has been added to the *Comments* of both Rules 490 and 790.

**New Rule 791 Regarding Limited Access Orders**

While the Committee was conducting its review of expungement procedures, the Legislature enacted Act 5 of 2016.[2] The Act originated from a proposal for an expansion of the current expungement statute to cover second and third degree misdemeanors but was subsequently modified to introduce a new concept, a petition for limited access. The Act added new Section 9122.1 to the Crimes Code, 18 Pa.C.S. §

---

[2] Act 5 of 2016 (originally SB 166 of 2015) was signed into law by the Governor on February 16, 2016. Act 5 will become effective on November 14, 2016.

Expungement Petitions and Orders; Procedure for Limited Access Orders *Final Report*: 11/09/2016

9122.1, that provides that a qualified defendant may petition for an order that would allow only certain entities access to criminal history record information, primarily criminal justice or other government agencies. The offenses in question are, with certain exceptions, misdemeanors of the second and third degree and ungraded offenses carrying a maximum penalty of no more than two years. The Act also includes an amendment to Section 9122 of the Crimes Code, 18 Pa.C.S. § 9122, that provides that a court or the Administrative Office of Pennsylvania Courts may not disseminate criminal case information that is subject to "a court order for limited access as provided in Section 9122.1 (relating to order for limited access)."

Because the Act requires a petition to be filed with the court and subsequent order to be produced, there was a need for procedural rules implementing the Act. Given the history of the Act, the Committee concluded that the concept of limiting access to a conviction record is closely related to expungement and that the procedures should be similar. The procedures for obtaining a limited access order contained in new Rule 791 are derived from the court case expungement procedures in Rule 790. These new procedures are in a separate rule rather than an addition to the expungement rule since the nature and purpose of this procedure is different from expungement and placing it in the same rule as expungement procedures might have led to confusion. The new rule immediately follows the court case expungement procedures.

In terms of information required in the petition and order, the same concern, that of correctly identifying the criminal record, is applicable to limited access procedures as it is for expungement. Therefore, the required contents of the petition, contained in paragraph (A), and the contents of the order, contained in paragraph (C), are virtually identical to those required in Rule 790 for expungement petitions and orders.

Paragraph (A)(3) of Rule 791 contains the requirement that the Pennsylvania State Police criminal history report shall be attached to the petition. As discussed above, this is currently required by the expungement rules and the Committee concluded that, as in expungement procedures, the PSP report is the best means of verifying the defendant's criminal history. The Committee also concluded that the

-4-

practice of waiving this requirement as is done in certain jurisdictions for expungements should be applied to limited access petitions as well.  The provision regarding waiver of the PSP report have been incorporated into Rule 791(A)(3).

Paragraph (B) describes the procedures to be followed once the petition is filed. Section 9122.1(c) provides that the court notify the district attorney of the petition within 10 days of filing and the district attorney then has 30 days to respond.  The current procedure for court case expungement in Rule 790 requires that the petition be served on the prosecution concurrent with filing.  The Committee believes that simultaneous service is a more efficient procedure and one that would help in the prosecution reaching a quicker decision on whether to oppose the petition or not.  This does not constitute a conflict between the Act and the rules, but rather is an additional procedural step being added to make the process more efficient and ensure proper and timely notice to the prosecution.

The Act allows 30 days for the prosecution to respond to a petition for limited access.  Paragraph (B)(1) incorporates this  time-limit for the prosecution's response and requires any response to be filed no later than 30 days following service of the petition.

The Act requires a petition to be filed requesting the issuance of the order, similar to expungement procedures.  Section 9122.1 describes the effect of the order as permitting the criminal record to be disseminated "only to a criminal justice agency or a governmental agency…."  However, the language that is added to Section 9121, which directly states the applicability of the statute to the courts and AOPC, uses the terminology that they "may not disseminate to an individual, a noncriminal justice agency or an internet website any information" relating to information that is subject to a limited access order.  In the paragraph (B)(4), the terminology in both statutory selections is used to describe the order granting the petition so that there is no confusion concerning the order's effects.

Rule 790 provides for a 30-day stay on any granted petition to provide time for the prosecution to appeal.  A similar provision is included in Rule 791(B)(4)(b) when the

-5-

petition for limited access is granted.  However, this stay would be waived when the prosecution agrees to the petition.  This is similar to the above provision for the expungement rules.